NCMB-219 (04/20)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

### MEMORANDUM

**TO:**       ATTORNEY FOR PLAINTIFF

**FROM:**   CLERKS OFFICE, U. S. BANKRUPTCY COURT

**RE:**       ADVERSARY PROCEEDING INFORMATION
           (Service of Summons and Complaint)

     Attached hereto is a copy of the Summons and Notice of Pretrial Conference which has been prepared for the Complaint you filed.  It is the responsibility of the Attorney for the Plaintiff to serve a copy of the Summons (which also contains the notice of pretrial) <u>and</u> a copy of the Complaint on each defendant named in the Complaint (copies must conform to the original) <u>in accordance with Bankruptcy Rule 7004</u>.  Please note that while Bankruptcy Rule 7004(c) permits service by publication in certain circumstances, service by publication may only be made with authorization by the Court.

     Also attached hereto is a **Memorandum re: Procedure for Inclusion of Name on Case Matrix and for Receiving of Electronic Notices in the Case** and a **Memorandum re: Instructions and Information for Pretrial Scheduling Memorandum**.  Please serve the attached memoranda on the parties at the time that you serve the Summons and Complaint.

<u>**TIME LIMIT FOR SERVICE**</u>.  The Summons and Complaint must be served within seven (7) days from the date of the issuance of the Summons unless a shorter time period is required by the Court.  This would occur if the time for answering the Complaint is shortened by the Court (less than 30 days from the date of issuance of the Summons).  In that event, the Court requests that service of the Summons and Complaint be made as soon as possible - or at least within three (3) days.

If the Summons and Complaint are not served within the proper time, it will be necessary to file a request for reissuance of summons with the Court, and a new summons will be issued.

<u>**CERTIFICATE OF SERVICE**</u>.  After the Summons and Complaint have been served on the Defendants, you must file a <u>certificate of service</u> with the Court.  This may be done by completing the back of the Summons form and filing the same with the Court, using the CM/ECF event: ***Summons Service Executed.***  This certificate of service must be filed promptly after the Defendants have been served.

NCMB-227 (02/19)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

### MEMORANDUM

**TO:**     PARTIES IN ADVERSARY PROCEEDING

**FROM:**   CLERKS OFFICE, U. S. BANKRUPTCY COURT

**RE:**     PROCEDURE FOR INCLUSION OF NAME ON CASE MATRIX AND FOR RECEIVING OF ELECTRONIC NOTICES IN THE CASE

    By being a party in an adversary proceeding, you may be interested in having your name placed on the bankruptcy case matrix in order that you can be informed of the various hearings scheduled in the case itself. Because adversary proceedings are filed and maintained separately from the bankruptcy cases, parties in an adversary proceeding are not automatically added to the bankruptcy case matrix. If you do desire that your name and address be added to the case matrix, you may send the Court a letter requesting this action. If your attorney desires to placed on the case matrix, he/she should file a Notice of Appearance in the case with the Court.

    Please be advised that once an attorney files a pleading in the adversary proceeding, he/she will automatically receive electronic notices of documents filed in both the adversary proceeding and the main bankruptcy case. The attorney has the option to decline to receive notification for related bankruptcy cases by accessing the CM/ECF menu "Maintain Your ECF Account", "Email information", and selecting the option to only receive notification in the adversary proceedings in which he/she is involved.

NCMB-218 (04/20)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

### MEMORANDUM

TO:         PARTIES IN ADVERSARY PROCEEDING

FROM:     CLERKS OFFICE, U. S. BANKRUPTCY COURT

RE:         INSTRUCTIONS AND INFORMATION FOR PRETRIAL SCHEDULING MEMORANDUM

===============================================================

      In accordance with Rule 26(f) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026, this Court requires that the parties to an adversary proceeding meet at least 21 days prior to the scheduled pretrial. At such meeting, the parties are required to discuss the items described in Federal Rule 26(f).

      If the parties agree on a discovery plan, they must sign and file a Joint Scheduling Memorandum with the Court within **14 days** after the previously described scheduling meeting. The parties must also prepare and upload a **separate** Scheduling Order. <u>In the event the Court signs the Scheduling Order, the initial pretrial hearing will be canceled.</u>

      If all matters in the Scheduling Memorandum are not agreed to by all parties, a separate Scheduling Memorandum must be filed by each party within **14 days** after the scheduling meeting. Absent notification to the contrary, the Court will conduct the initial pretrial hearing if separate Scheduling Memorandums are filed.

      **IN ANY EVENT, THE SCHEDULING MEMORANDUM(S) SHALL BE FILED NO LATER THAN SEVEN DAYS (7) PRIOR TO THE SCHEDULED PRETRIAL HEARING.**

      If a party files a request for additional time to file an answer, a proposed order should also be filed with the Court, which addresses the scheduling of the pretrial hearing and the time for filing a Scheduling Memorandum. Attached is an example of such an order.

      A copy of this memorandum (with attached form Joint Scheduling Memorandum, Scheduling Order and Scheduling Memorandum) shall be served with the Summons and Complaint by the Plaintiff upon each defendant.

Attachments:   Joint Scheduling Memorandum
                 Scheduling Order
                 Scheduling Memorandum
                 Order Extending Time

NCMB-223 (04/20)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

IN RE: )
)
) Case No.
Debtor(s) )
_____ )
)
Plaintiff(s), )
)
v. ) Adversary No.
)
Defendant(s). )
)

JOINT SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties in this adversary proceeding was held on _____.

B. The following were in attendance:

(1) _____, attorney for _____

(2) _____, attorney for _____

(3) _____, attorney for _____

(4) _____.

C. The following matters and time limits were covered during the meeting:

(1) _____, as the last day for filing motions to amend;

(2) _____, as the last day for filing motions to join other parties;

(3) _____, as the date within which discovery (general and expert), must be completed;

(4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

       From the Plaintiff(s) by _____
       From the Defendant(s) by _____;

    (5)  Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party; and

    (6)  _____, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

D.    Statement regarding consent to entry of final judgment or order:

    \_\_\_\_\_ (1) The parties expressly consent to the entry of a final order by the Bankruptcy Court for all matters raised in the pleadings and, therefore, waive the right, if any, to a jury trial, inasmuch as the United States District Court for the Middle District of North Carolina has not specially designated the Bankruptcy Court to conduct such trials.

    \_\_\_\_\_ (2) The parties do not consent to the entry of a final judgment by the Bankruptcy Court for the following claim(s) for relief:

_____
_____
_____
_____

    Each of the parties agrees that as to any matter for which it does not consent to the Bankruptcy Court entering final judgment, the non-consenting party shall have 30 days from the first entry of a scheduling order by the Court to file a motion to determine whether the Bankruptcy Court may enter a final judgment or order in each cause of action to which the non-consenting party does not consent. Such motion shall be accompanied by a memorandum of law in support of the motion.

    THE FAILURE TO TIMELY MOVE TO DETERMINE WHETHER THE BANKRUPTCY COURT MAY ENTER A FINAL JUDGMENT OR ORDER WITH RESPECT TO ANY MATTER, ISSUE, OR CLAIM FOR RELIEF SHALL CONSTITUTE A WAIVER OF ANY RIGHT TO ADJUDICATION BY A COURT ESTABLISHED UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION AND ANY RIGHT TO A JURY TRIAL, AND THE WAIVER SHALL BE DEEMED TO BE CONSENT TO HAVE THE BANKRUPTCY COURT ENTER FINAL JUDGMENT.

E.     For those claim(s) for relief for which the parties do not consent to the entry of a final judgment by the Bankruptcy Court:

      \_\_\_\_\_ (1) Neither party seeks a jury trial.

      \_\_\_\_\_ (2) The Plaintiff demands a jury trial.

      \_\_\_\_\_ (3) The Defendant demands a jury trial.

      \_\_\_\_\_ (4) The parties \_\_\_\_\_ agree \_\_\_\_\_ disagree regarding jury entitlement.

This _____ day of _____, 20 \_\_.

Signed: _____        Signed: _____

Attorney for _____    Attorney for _____

Signed: _____        Signed: _____

Attorney for _____    Attorney for _____

NCMB-224 (04/20)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| | ) | Case No. |
| Debtor(s) | ) | |
| | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Adversary No. |
| | ) | |
| Defendant(s). | ) | |

## SCHEDULING ORDER

It appearing to the Court that the parties have conferred and submitted a scheduling memorandum in accordance with Federal Rule 26(f) and Bankruptcy Rule 7026 and that this scheduling order should be entered at this time without the parties appearing in court for a pre-trial/scheduling conference.

Now, therefore, it is **ORDERED** as follows:

1. Except as provided herein, the time limits set forth in the joint scheduling memorandum are approved and shall be binding on the parties.
2. The initial pre-trial conference scheduled for_____, 20___, is canceled.
3. The deadline for filing final pre-trial disclosures and the required contents thereof shall be set by further order of the Court.
4. On or before  _[the first business day after the dispositive motion deadline]___, counsel for the Plaintiff shall file a request for the Court to schedule a final pre-trial hearing, unless a dispositive motion has been filed, in which case any final pre-trial hearing will be set by further order of the Court.
5. The deadline for filing or responding to any final pre-trial motions and the scheduling of a hearing to consider any such motions will be set by further order of the Court.
6. At the final pre-trial hearing, the parties shall be prepared to discuss mediation, the scheduling and content of final pre-trial disclosures, procedures for any pre-trial motions, including motions in limine, the scheduling of trial, and any other matters which might make trial or other disposition of this adversary proceeding more efficient.
7. The Defendant shall have 30 days from the date of this Order within which to file a brief or legal memorandum in support of any defenses asserting insufficiency of process, insufficiency of service of process, and failure to state claims for relief. If the Defendant files a brief or legal memorandum in support of such defenses, the Plaintiff shall have 60 days from the date of this Order within which to file a brief or legal memorandum in opposition to the Defendant's brief or legal memorandum. If the Defendant does not file a supporting brief or legal memorandum on or before 30 days from the date of this Order, the Defendant shall be deemed to have abandoned the foregoing defenses and an order overruling and denying such defenses shall be entered.
8. [If any party does not consent to the Bankruptcy Court entering final judgment in the Joint Scheduling Memorandum.] Any party that does not consent to the Bankruptcy Court entering final judgment on all matters raised in the pleadings shall have 30 days from entry of this Order to file a motion to determine whether the Bankruptcy Court may enter a final judgment or order in any cause of action to which the non-consenting party does not consent to entry of a final judgment or order by the Bankruptcy Court. Such motion shall be accompanied by a memorandum of law in support of the motion.

THE FAILURE TO TIMELY MOVE TO DETERMINE WHETHER THE BANKRUPTCY COURT MAY ENTER A FINAL JUDGMENT OR ORDER WITH RESPECT TO ANY MATTER, ISSUE, OR CLAIM FOR RELIEF SHALL CONSTITUTE A WAIVER OF ANY RIGHT TO ADJUDICATION BY A COURT ESTABLISHED UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION AND ANY RIGHT TO A JURY TRIAL, AND THE WAIVER SHALL BE DEEMED TO BE CONSENT TO HAVE THE BANKRUPTCY COURT ENTER FINAL JUDGMENT.

[If all parties consent to entry of final orders by the Bankruptcy Court on all matters.] All parties have consented to entry of final orders by this Court for all matters raised in the pleadings.

[END OF DOCUMENT]

NCMB-225 (04/20)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

IN RE: )
)
) Case No.
Debtor(s) )
)
)
Plaintiff(s), )
)
v. ) Adversary No.
)
)
Defendant(s). )
)

## SCHEDULING MEMORANDUM

A. The Rule 26(f) meeting of the parties in this adversary proceeding was held on
_____.

B. The following were in attendance:

(1) _____, attorney for _____

(2) _____, attorney for _____

(3) _____, attorney for _____

(4) _____.

C. The undersigned proposes the following discovery plan:

(1) _____, as the last day for filing motions to amend;

(2) _____, as the last day for filing motions to join other parties;

(3) _____, as the date within which discovery (general and expert), must be completed;

(4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

      From the Plaintiff(s) by _____
      From the Defendant(s) by _____;

    (5)  Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due within 30 days after the disclosure made by the other party; and

    (6)  _____, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

D.    Statement regarding consent to entry of final judgment or order:

    \_\_\_\_\_ (1) The undersigned party expressly consents to the entry of a final order by this Court for all matters raised in the pleadings, and, therefore, waives the right, if any, to a jury trial, inasmuch as the United States District Court for the Middle District of North Carolina has not specially designated the Bankruptcy Court to conduct such trials.

    \_\_\_\_\_ (2) The undersigned party does not consent to the entry of a final judgment by the Bankruptcy Court for the following claim(s) for relief:

_____
_____
_____
_____

    The undersigned party agrees that as to any matter for which the party does not consent to the Bankruptcy Court entering final judgment, the undersigned party shall have 30 days from the first entry of a scheduling order by the Court to file a motion to determine whether the Bankruptcy Court may enter a final judgment or order in each cause of action to which the undersigned party does not consent. Such motion shall be accompanied by a memorandum of law in support of the motion.

    THE FAILURE TO TIMELY MOVE TO DETERMINE WHETHER THE BANKRUPTCY COURT MAY ENTER A FINAL JUDGMENT OR ORDER WITH RESPECT TO ANY MATTER, ISSUE, OR CLAIM FOR RELIEF SHALL CONSTITUTE A WAIVER OF ANY RIGHT TO ADJUDICATION BY A COURT ESTABLISHED UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION AND ANY RIGHT TO A JURY TRIAL, AND THE WAIVER SHALL BE DEEMED TO BE CONSENT TO HAVE THE BANKRUPTCY COURT ENTER FINAL JUDGMENT.

E.       For those claim(s) for relief for which the undersigned party does not consent to the entry of a final judgment by the Bankruptcy Court:

          \_\_\_\_\_ (1) A jury trial is requested.

          \_\_\_\_\_ (2) A jury trial is not requested.

This _____ day of _____, 20 \_\_.

Signed: _____       Signed: _____

Attorney for _____       Attorney for _____

NCMB-226 (04/20)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

IN RE:                                             )
                                                   )
                                                   )   Case No.
            Debtor(s)                              )
_____                        )
                                                   )
                                                   )
            Plaintiff(s),                          )
                                                   )
v.                                                 )   Adversary No.
                                                   )
                                                   )
            Defendant(s).                          )

**ORDER EXTENDING TIME**

This matter coming before the above-signed Judge upon the Defendant's <u>ex parte</u> motion to extend the time to file an answer.

For cause shown in the foregoing motion, it is **ORDERED** that the Defendant be allowed an additional _____ days from the date of the signing of this ORDER to file an answer or otherwise plead.

**IT IS FURTHER ORDERED** that the parties shall file a Scheduling Memorandum with the Court on or before _____.

**IT IS FURTHER ORDERED** that if the parties agree on a discovery plan, they must sign and file with the Court a Joint Scheduling Memorandum on such date along with a proposed Joint Scheduling Order.

In the event that a Joint Scheduling Memorandum has **not** been approved, a pretrial hearing will be held on _____ at _____ in _____.

END OF DOCUMENT