**SO ORDERED.**

**SIGNED this 10th day of August, 2022.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mya Deionshai Corbett, | ) | Chapter 13 |
| | ) | Case No. 22-10293 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Mya Deionshai Corbett | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 22-02017 |
| | ) | |
| Towriffic Towing & Recovery and | ) | |
| Oaktree Finance LLC | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER DIRECTING DEBTOR TO SHOW CAUSE WHY ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

This adversary proceeding is before the Court on the *Motion to Dismiss Adversary Proceeding* filed by Defendant Oaktree Finance LLC. ECF No. 6. The bankruptcy case was dismissed on July 27, 2022. Case No. 22-10293, ECF No. 33. Defendant Towriffic Towing & Recovery has not appeared.

Debtor's complaint seeks turnover of her vehicle under 11

1

U.S.C. § 542[1] and monetary damages, and the Court possessed jurisdiction over this proceeding under 28 U.S.C. § 1334(b). After dismissal of the underlying bankruptcy case, the Court has discretion whether to retain jurisdiction over an adversary proceeding. In re T 2 Green, LLC, 364 B.R. 592, 603 (Bankr. D.S.C. 2007). In exercising this discretion, "courts weigh the following factors: judicial economy, convenience to the parties, fairness, and comity." Id. (and cases cited therein). Having considered these factors, it appears that the Court should not retain jurisdiction for a turnover action after Debtor's chapter 13 case has been dismissed. In the interests of comity with the state courts, and since any recovery under any claims Debtor may assert cannot affect the administration of the dismissed bankruptcy case, the Court further is inclined to dismiss those claims without prejudice to Debtor seeking relief in any court of competent jurisdiction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, to the extent Plaintiff maintains that this Court should retain jurisdiction over this adversary proceeding, Plaintiff shall file a response to the Motion to Dismiss and this Order on

---

[1] Debtor is appearing pro se. The complaint also states that Debtor is seeking recovery under 11 U.S.C. § 548 for a putative fraudulent transfer and dischargeability under 11 U.S.C. § 523(a)(2) for fraud, false pretenses, and false representations. It appears that Debtor intends to assert a claim for fraud, rather than seeking to except any debt from any discharge Debtor may have received in this case, or to recover a transfer of debtor's property as a fraudulent transfer by the debtor.

or before August 25, 2022 and show cause why the Court should not dismiss the adversary proceeding for all defendants without prejudice due to the dismissal of the underlying bankruptcy case. If a timely response is filed, the Court will conduct a hearing on September 7, 2022, at 2:00 p.m. in Courtroom No. 1, United States Bankruptcy Court, 101 S. Edgeworth Street, Greensboro, NC 27401. If no response is timely filed, the Court will enter an order dismissing the adversary proceeding without prejudice.

[END OF DOCUMENT]

<u>Parties to be Served</u>
21-02009

All parties to this Adversary Proceeding.