United States Bankruptcy Court
Middle District of North Carolina

Corbett,
    Plaintiff

Adv. Proc. No. 22-02017-bak

Towriffic Towing & Recovery,
    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0418-2 | User: admin | Page 1 of 1 |
| Date Rcvd: Aug 10, 2022 | Form ID: pdf014 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 12, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| pla | + | Mya Deionshai Corbett, 1183 University dr #105227, Burlington, NC 27215-8303 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Oaktree Finance LLC |
| dft | | Towriffic Towing & Recovery |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Aug 12, 2022     Signature:     /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 10, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David Walker, II | |
| | on behalf of Defendant Oaktree Finance LLC steven@walkerkiger.com |
| William P. Miller | |
| | bancm_ecf@ncmba.uscourts.gov |

TOTAL: 2

**SO ORDERED.**

**SIGNED this 10th day of August, 2022.**

_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

```
               UNITED STATES BANKRUPTCY COURT
               MIDDLE DISTRICT OF NORTH CAROLINA
                     GREENSBORO DIVISION

In re:                            )
                                  )
Mya Deionshai Corbett,            )    Chapter 13
                                  )    Case No. 22-10293
     Debtor.                      )
_____ )
                                  )
Mya Deionshai Corbett             )
                                  )
     Plaintiff,                   )
                                  )
v.                                )    Adv. No. 22-02017
                                  )
Towriffic Towing & Recovery and   )
Oaktree Finance LLC               )
                                  )
     Defendant.                   )
```

### ORDER DIRECTING DEBTOR TO SHOW CAUSE WHY ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

This adversary proceeding is before the Court on the *Motion to Dismiss Adversary Proceeding* filed by Defendant Oaktree Finance LLC. ECF No. 6. The bankruptcy case was dismissed on July 27, 2022. Case No. 22-10293, ECF No. 33. Defendant Towriffic Towing & Recovery has not appeared.

Debtor's complaint seeks turnover of her vehicle under 11

1

U.S.C. § 542[1] and monetary damages, and the Court possessed jurisdiction over this proceeding under 28 U.S.C. § 1334(b). After dismissal of the underlying bankruptcy case, the Court has discretion whether to retain jurisdiction over an adversary proceeding.  In re T 2 Green, LLC, 364 B.R. 592, 603 (Bankr. D.S.C. 2007).  In exercising this discretion, "courts weigh the following factors: judicial economy, convenience to the parties, fairness, and comity." Id. (and cases cited therein).  Having considered these factors, it appears that the Court should not retain jurisdiction for a turnover action after Debtor's chapter 13 case has been dismissed.  In the interests of comity with the state courts, and since any recovery under any claims Debtor may assert cannot affect the administration of the dismissed bankruptcy case, the Court further is inclined to dismiss those claims without prejudice to Debtor seeking relief in any court of competent jurisdiction.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, to the extent Plaintiff maintains that this Court should retain jurisdiction over this adversary proceeding, Plaintiff shall file a response to the Motion to Dismiss and this Order on

---

[1] Debtor is appearing pro se.  The complaint also states that Debtor is seeking recovery under 11 U.S.C. § 548 for a putative fraudulent transfer and dischargeability under 11 U.S.C. § 523(a)(2) for fraud, false pretenses, and false representations.  It appears that Debtor intends to assert a claim for fraud, rather than seeking to except any debt from any discharge Debtor may have received in this case, or to recover a transfer of debtor's property as a fraudulent transfer by the debtor.

2

or before August 25, 2022 and show cause why the Court should not dismiss the adversary proceeding for all defendants without prejudice due to the dismissal of the underlying bankruptcy case. If a timely response is filed, the Court will conduct a hearing on September 7, 2022, at 2:00 p.m. in Courtroom No. 1, United States Bankruptcy Court, 101 S. Edgeworth Street, Greensboro, NC 27401. If no response is timely filed, the Court will enter an order dismissing the adversary proceeding without prejudice.

[END OF DOCUMENT]

<u>Parties to be Served</u>
21-02009

All parties to this Adversary Proceeding.

4